**PEAT, MARWICK, MITCHELL & CO., Plaintiff,**

v.

**CREDITOR'S COMMITTEE OF NORTHEAST DAIRY COOPERATIVE FEDERATION, INC., Defendant.**

No. 86–CV–829.

United States District Court, N.D. New York.

Oct. 6, 1986.

Hiscock & Barclay, Syracuse, N.Y., for plaintiff; (Thomas S. Brett, of counsel).

Menter, Rudin & Trivelpiece, Syracuse, N.Y., for Creditor's Committee; (Marijane Hurley, Peter L. Hubbard, of counsel).

Hancock & Estabrook, Syracuse, N.Y., for NEDCO; (James J. Canfield, of counsel).

## MEMORANDUM-DECISION AND ORDER

MUNSON, Chief Judge.

The accounting firm of Peat, Marwick, Mitchell & Co. ("Peat, Marwick") has appealed from an order of the Bankruptcy Court ordering production of the financial records of the debtor Northeast Dairy Cooperative Federation, Inc. ("NEDCO") maintained by Peat, Marwick. Peat, Marwick seeks protection under Rule 26(c)(7), Fed.R.Civ.P., against disclosure of its audit workpapers to the Creditor's Committee and the Committee's accountant, Price, Waterhouse.

■ There is no accountant-client privilege under federal law. *United States v. Arthur Young & Co.*, 465 U.S. 805, 817–18, 104 S.Ct. 1495, 1502, 79 L.Ed.2d 826 (1984); *Couch v. United States*, 409 U.S. 322, 335–36, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973). Accordingly, all substantive information contained in accountants' workpapers pertaining to the financial affairs of the accountant's client are proper subjects for discovery. However, Peat, Marwick has a valid claim for protection of Peat Marwick's audit procedures from discovery by its competitor, Price, Waterhouse as the particular procedures employed by Peat, Marwick constitute "trade secrets" under Rule 26(c)(7), Fed.R.Civ.P.

Initially in this appeal, Peat, Marwick argued that all of its workpapers should be protected from disclosure under Rule 26(c)(7). This position was rejected by this court and, by a previous order, this court ordered Peat, Marwick to produce its workpapers for in camera review. Because it appeared that many of the audit workpapers contained financial information regarding NEDCO which was the proper subject for discovery by the Creditor's Committee as determined by the Bankruptcy Court, the court directed Peat, Marwick to prepare a detailed index stating specific grounds for each claim for protection from discovery.

In the course of its review, Peat, Marwick has agreed to produce many of its workpapers. Peat, Marwick has consented to the production of some of its workpapers apparently abandoning its claim that the documents are entitled to protection under Rule 26(c)(7). Peat, Marwick asserts a claim for protection of its other workpapers though it has voluntarily agreed to produce them, either in whole or in part, because they contain substantive information on NEDCO's operations and/or financial affairs. Peat, Marwick's production of doc-

uments will be under the terms of the existing protective order limiting disclosure of the documents to the Creditor's Committee, its attorneys and its accountant. Peat, Marwick continues to maintain its position as stated in the affidavit of Anthony J. Costantini, Associate General Counsel for Peat, Marwick, that some of its workpapers, as "proprietary" documents, should be protected from disclosure to its competitor. A review of the categories which Peat, Marwick claims should be protected from disclosure as "propriety" documents follows.

(1) Audit Programs. These documents set forth the auditing objectives and the specific auditing procedures being utilized to achieve these objectives. An audit program reflects the accounting firm's and individual auditor's professional judgment and interpretation of approach and documentation necessary to meet the standards of generally accepted auditing standards and the approaches utilized in the examination of specific industries and types of commercial enterprises. To the extent these documents contain only Peat, Marwick's plans for conducting an audit, they are entitled to protection under Rule 26(c)(7), Fed.R.Civ.P. However, some of the workpapers contain substantive information about NEDCO's operations and therefore are not entitled to protection and should be produced. Peat, Marwick has identified portions of these workpapers which it intends to produce. The court's review reveals that additional portions should also be produced because of the substantive information contained therein.

(2) Audit Gauge Worksheets; Test of Compliance Details Worksheets; Inquiry and Observation Compliance Test Worksheets; Substantive Test of Details Worksheets. These documents, like the Audit Programs in (1) above, are part of the audit planning process and are considered by the accounting firm to be confidential because they are used to help the auditor design the nature and scope of the audit testing procedures being planned. The court approves of Peat, Marwick's claim that these worksheets are not a proper subject of discovery because they do not contain any financial information about NEDCO. The only exception is that of the Inquiry and Observation Compliance Test Worksheets, portions of which, Peat, Marwick has stated will be produced.

(3) Budget and Time Summaries. These documents reflect the accounting firm's monitoring of the time estimated and actually expended on the various auditing procedures by the auditors. These summaries contain no substantive information about the audited company. They are considered confidential by Peat, Marwick because of the possible assistance they could be to competitors in framing proposals to prospective clients. These documents need not be produced because they contain no substantive information about NEDCO's operations.

(4) Engagement Planning and Review Memoranda and addenda. These documents contain a narrative description of the audit planning process and its implementation. These workpapers contain auditor concerns (e.g., critical audit areas, staff assigned, and documentation of auditor satisfaction) and information about the audited company (e.g., unusual accounting issues, key client personnel). Although Peat, Marwick regards these worksheets as highly confidential because they contain sensitive information internal to Peat, Marwick, the firm also recognizes that some of the information relates directly to NEDCO's operations and therefore is discoverable. Accordingly, Peat, Marwick consents to the production of portions of these workpapers. The court's review indicates that additional portions of these workpapers should be produced because they contain substantive information and professional judgments regarding NEDCO's operations.

(5) Index. The index of workpapers contained in Peat, Marwick's files will be voluntarily produced with the deletion of references to sections of Peat, Marwick's audit manual which is propriety and contains no substantive information about the company being audited.

(6) Accounting Disclosure Checklist. This is a proprietary document of Peat, Marwick designed to serve as a "memory jogger" for financial statement disclosures. No information about NEDCO is contained in these printed sheets with the exception of handwritten notes. Peat, Marwick has consented to the production of portions of these documents which contain handwritten notes; the court's review indicates that additional portions of these documents containing notes should be produced.

In summary, Peat, Marwick has consented to the production of portions of its audit workpapers which contain information on NEDCO. The court has identified additional portions for production. Generally the court accepts Peat, Marwick's claim that certain categories of its audit workpapers, as stated in the affidavit of Peat, Marwick's Associate General Counsel, should be protected from discovery because they are proprietary and do not contain substantive information about NEDCO's operations. However, upon review the court does not agree that all of the documents claimed for protection actually fall within the categories entitled to protection. That is, some of the documents should be produced, at least in part, because they contain information about NEDCO, and therefore are legitimately sought by the Creditor's Committee.

█ In response to Peat, Marwick's submission to the court, the Creditor's Committee has requested that those documents withheld as "proprietary" be produced to the attorneys for the Creditor's Committee and not be shown to the Committee's accountants, Price, Waterhouse. This does not appear necessary at the present time. The documents which Peat, Marwick seeks to withhold and which the court has not concluded should be produced could have no relevant informational value for the Creditor's Committee: they reveal no substantive information about NEDCO's operations. However, if after review of the documents to be produced, the attorneys for the Creditor's Committee finds that some information cannot be understood without being placed in the context of the audit procedures undertaken by Peat, Marwick, the Committee may apply to the court to request production of the audit procedures for use by the Committee's attorneys only. The Committee would have to demonstrate a compelling need for the documents if it seeks to have Peat, Marwick's internal documents produced for review by the Committee's accountants, Price, Waterhouse.

Upon review in camera of the documents submitted by Peat, Marwick, it is hereby ordered that in addition to those documents, which Peat, Marwick has indicated it will produce, Peat, Marwick shall produce those documents and portions thereof which are listed in the attached appendix.[1] Peat, Marwick shall produce the documents to the attorneys for the Creditor's Committee within 21 days of this order.

### APPENDIX
### Additional Documents to be Produced

| Identifying Page/ ¶ Number | Description of Portion of Document to be Produced | Claim of Privilege[1] | Reason |
|---|---|---|---|
| **File No. 1** | | | |
| **ENGAGEMENT PLANNING & REVIEW** | | | |
| **§ 1—Audit Plan** | | | |
| p. 3 of 16/¶4 | External Factors | (4) | Relevant substantive financial info |
| p. 4 of 16/¶6a&b | Critical audit areas & other significant audit areas | (4) | Reflects auditor's professional judg- |

---

**1.** For ease of identification in the production of documents, the court has labelled each file successively by number and has attached a yellow tag to the pages with material which the court has determined should be produced.

▬▬▬▬▬▬▬

▬▬▬▬▬▬

| | | | |
|---|---|---|---|
| | | | ment re NEDCO's financial situation |
| p. 6 of 16/¶11 | Report dates | (4) | Reflects substantive info on NEDCO's operations |
| p. 8 of 16/¶16 | Client assistance | (4) | No proprietary comments |

§ 2—Changes in Audit Plan

| | | | |
|---|---|---|---|
| p. 9 of 16 | Include title of page[2] | (4) | |
| p. 9 of 16/¶1&5 | "Effect on Audit" column | (4) | Reveals professional judgment re NEDCO's financial situation |
| p. 9 of 16 | Handwritten note on bottom of page | | |
| p. 11 of 16 | In Charge Auditor Memo | (4) | |
| p. 13 of 16 | Manager/Supvr Memo | (4) | |
| p. 15 of 16 | Partner Memo<br>For all three produce:<br>(1) Title of page[3]<br>(2) Beginning section of printed narrative: "for the year ended March 31, 1985"<br>(3) section of left column which reads: "In my opinion . . . and for the period then ended." (and asterisked note on p. 11)<br>(4) Date of signature (bottom right corner on pp. 11 & 13) | (4) | Reflects professional opinion of auditor |
| Page following 16–page Engagement Planning and Review | Memo to File dated 11/18/85 Produce: (1) Title & date (2) last ¶ which begins: "Based on my review . . ." | (4) | Reflects professional opinion of auditor |
| | Addendum to Form [ ] | | |
| p. 2 of 3 | § 2a, b, & c: produce all except right column[3,4] | (4) | Reflects professional opinion of auditor |
| | Accounting Disclosure Checklist | | |
| p. 4 of 13 | Produce "Intangible Assets (b)" including handwritten notes[3] | (6) | |
| p. 7 of 13 | Statement of Earnings (b) Produce: (13)—printed line plus handwritten note[4] | (6) | |
| p. 8 of 13 | Discontinued Operations (add heading to section Peat, Marwick has agreed to produce) | (6) | |
| p. 9 of 13 | Business Combinations (b)(5)[3,4]<br> " " (b)(6)[3,4] | (6) | |
| p. 10 of 13 | Pension Plans (a)(2)[3,4] | (6) | |
| pp. 10–11 of 13 | Commitments & Contingencies:[3,4] (a); (c)(1)&(2) | (6) | |
| p. 13 of 13 | Long-Term Obligations (b)[3,4] | (6) | |

File No. 2

| | | | |
|---|---|---|---|
| Second page of file (pink sheet) | Examination of Cash Balances Produce statements #1 ("The client maintains . . .") and #9 ("A draft | (1) | |

account exists . . .") (Need not produce notes on right side of page) [5]

Fourth page of file (pink sheet) — Examination of Inventory Produce "Introduction" section [5] (1) Contains info on NEDCO's operations without procedures to be undertaken by Peat, Marwick

Examination of Fixed Assets #7 (Peat, Marwick states it will produce this) [5] (1)

Examination of Revenue Cycle Produce #2–5; 6 & 6a; 10 (Peat, Marwick states it will produce these) [5] (1)

**File No. 3**

Examination of Purchasing & Disbursements Cycle (Peat, Marwick states it will produce these) [5] (1)

last page — Payroll Audit Procedures

(Peat, Marwick states it will produce the last paragraph; this should include heading of page).

**File No. 4**
**File No. 5**
**File No. 6**

NO DOCUMENTS IN ADDITION TO THOSE PEAT, MARWICK STATES IT WILL PRODUCE ARE ORDERED BY THE COURT TO BE PRODUCED.

**File No. 7**

Examination of Nontrade Receivables— Florida Dairies Produce #6 & 7 [5] (1)

Examination of Fixed Assets— Florida Dairies Produce first sentence of #4 [5] (1)

Examination of Indebtedness— Florida Dairies Produce: #10: first sentence and notes; #11: delete "by reviewing . . .;" #12: (produce in its entirety) [5] (1)

Examination of Ownership Equity— Florida Dairies Produce #7 [5] (1)

Examination of Revenue & Receipts Cycle—Florida Dairies Produce #21 (delete first sentence and last sentence starting: "Note:" [5] (1)

**File No. 8**

NO DOCUMENTS IN ADDITION TO THOSE PEAT, MARWICK STATES IT WILL PRODUCE ARE ORDERED BY THE COURT TO BE PRODUCED.

**File No. 9**

Engagement Planning & Review— Audit Plan (4)

p. 3 of 16 — Produce #4 [5] (4)

| | | |
|---|---|---|
| p. 4 of 16 | Produce 6(a) except phrase in middle:[5] "Primary audit . . . balances" | (4) |
| | Produce 6(b) except last phrase beginning: "annual activity . . ." | (4) |
| | —Changes in Audit Plan | |
| p. 11 of 16 | For all three pages produce first sentence: "I . . . year ended | (4) |
| p. 13 of 16 | 3/31/84."[5] | (4) |
| p. 15 of 16 | Produce last sentence: "In my opinion . . . and for the period ended." | (4) |
| | Accounting Disclosure Checklist | |
| p. 5 of 13 | Produce Income Taxes (1)[5] | (6) |
| | Audit Program | |
| p. 4 of 6 | Produce #21 a–d; g; i–m; o; s[5] | (1) |
| File No. 10<br>File No. 11<br>File No. 12 | NO DOCUMENTS IN ADDITION TO THOSE PEAT, MARWICK STATES IT WILL PRODUCE ARE ORDERED BY THE COURT TO BE PRODUCED. | |
| File No. 13 | Payroll Audit Procedures<br>Produce: (1) part of first sentence: "Due to the . . . income statement;" (2) Final paragraph. | — |
| File No. 14 | Examination of Cash Balances Produce No. 1; 9 (but not a–d)[5] | (1) |
| | Examination of Inventory Produce No. 1 | (1) |
| File No. 15<br>File No. 16<br>File No. 17<br>File No. 18 | NO DOCUMENTS IN ADDITION TO THOSE PEAT, MARWICK STATES IT WILL PRODUCE ARE ORDERED BY THE COURT TO BE PRODUCED. | |

[1] The privilege claimed corresponds to the numbered paragraph in the body of the opinion describing the category into which Peat, Marwick has grouped the document.

[2] Where only portion of page is to be produced, title of page should be included in produced portion as explanation. Narrative following heading in Audit Plan explaining procedure to be employed by Peat, Marwick need not be produced; this is propriety information which contains no substantive information about the company being audited.

[3] Where a portion of a document is to be produced, production should include title of page or section heading.

[4] All references to manuals of Peat, Marwick may be deleted from documents to be produced.

[5] Generally where a portion of a document is to be produced, the document produced should include the heading (e.g., "Examination of Notes Receivable"), the relevant text and any handwritten notes except references to Peat, Marwick's manual. The initials in the "Done by" column may be deleted. The printed narrative following a heading in documents such as the Audit Plan describing the auditor's procedures need not be produced.