**MASTER PALLETIZER SYSTEMS, INC., a Colorado corporation, f/k/a Master Conveyor Corporation, Plaintiff,**

v.

**T.S. RAGSDALE COMPANY INCORPO-RATED, a South Carolina corporation, Defendant.**

Civ. No. 87–B–798.

United States District Court, D. Colorado.

Dec. 29, 1988.

352

Robert E. Warren, Jr. & Peter R. Nadel, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for plaintiff.

Gwen S. Anderson, Mathis & Associates, P.C., Denver, Colo., for defendant.

Paul E. Goodspeed, Coghill & Goodspeed P.C., Denver, Colo., for Arthur Andersen & Co. (Non-party).

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This case is before the court on Master Palletizer Systems, Inc.'s (Master), Fed.R. Civ.P. 37(a) motion to permit continued deposition of Robert Link of Arthur Anderson & Co. (Anderson) and for an order compelling Anderson to comply fully with a subpoena served upon it to produce: (1) the "general risk analysis memos" for fiscal years 1984 through the present pertaining to Anderson's audit of defendant, T.S. Ragsdale Company Incorporated (Ragsdale); (2) a May 22, 1985 memo from Anderson to Ragsdale's Board of Directors suggesting improvement in Ragsdale's accounting procedures and internal auditing controls, and; (3) all "blue back point sheets" for fiscal years 1984 through the present that relate to Anderson's audits of Ragsdale. Subject to the Fed.R.Civ.P. 26(c) protective provisions of this Order, Master's motions to permit continued deposition and to compel are granted.

Master argues that the subpoenaed information is relevant to its defense against Ragsdale's counterclaim for continuing economic loss caused by Master's alleged breach of contract, fraud, concealment, and misrepresentation in the sale of the charcoal production equipment that is the subject of this action. Master asserts that Ragsdale's losses, if any, were caused by its business decisions and causes other than Master's actions.

Anderson has redacted independently information from the subpoenaed materials asserting that its internal audit policies and procedures are trade secrets or confidential commercial information under F.R.C.P. 26(c)(7). Anderson further argues that disclosure of the redacted information would compromise the integrity of future Ragsdale audits, could have a chilling effect on the auditing process generally, and would be generally unfair to Anderson.

Ragsdale contends only that it has redacted irrelevant information from the materials subpoenaed by Master. Specifically, Ragsdale asserts that the machinery that is the subject of this action was used only in its production and sale of charcoal and that any information dealing with the tobacco or trucking facets of its business is irrelevant here.

Fed.R.Civ.P. 26(b)(1) authorizes discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(c)(7) provides that the court may "for good cause shown ... make any order which justice requires to protect a party or person from annoyance, embarassment, oppression, or undue burden ... including ... that a trade secret ... not be disclosed or disclosed only in a designated way."

However, the Fed.R.Civ.P. 26(c)(7) privilege is not absolute. *Centurion Industries, Inc. v. Warren Steurer, Etc.*, 665 F.2d 323, 325 (10th Cir.1981). The party resisting discovery under Fed.R.Civ.P. 26(c)(7), must establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful. *Id.* An accountant's audit procedures have been held to be "trade secrets" under Fed. R.Civ.P. 26(c)(7). *Peat, Marwick, Mitchell & Co. v. Creditor's Committee*, 65 B.R. 886, 887 (N.D.N.Y.1986).

If the party resisting discovery meets both prongs of this test, then the burden shifts to the party seeking discovery to

establish that the disclosure of the trade secrets is relevant and necessary to the action. *Centurion Industries, Inc. v. Warren Steurer, Etc., supra* at 325. The district court must then balance the need for the trade secrets against the claim of injury resulting from the discovery. *Id.* If relevancy and need are established, the trade secrets should be disclosed unless privileged or unless the subpoenas are unreasonable, oppressive, annoying, or embarrassing. *Id.* at 326. In this event the court may adopt appropriate safeguards regarding the trade secrets disclosure. *Id.*

■ The information redacted by Anderson deals with identification of key areas of Ragsdale's business to be tested by audit and the scope of such testing. Anderson states that the integrity of future Ragsdale audits requires that Ragsdale's personnel not be "tipped off" as to Anderson's past audit strategies. Anderson further argues that because Master's expert in this case is associated with its competitor, Peat, Marwick, Mitchell & Co., disclosure of its past audit strategies to this expert in this case will unfairly disclose a valuable and confidential proprietary work product to a major competitor. The court has examined *in camera* the information redacted by Anderson and concludes that it has met its threshold burden of establishing that disclosure "might" be harmful. *See Centurion Industries, Inc. v. Warren Steurer, Etc., supra.*

However, this information bears directly on Master's defense to Ragsdale's damage claims, and is thus relevant under Fed.R. Civ.P. 26(b)(1). Fed.R.Civ.P. 26(b)(1) states that "it is not ground for objection that the information sought would be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Hence, relevancy is more broadly construed during discovery than at trial. *Centurion Industries, Inc. v. Warren Steurer, Etc., supra* at 326.

Although Anderson has made a threshold showing that the information here constitutes "trade secrets", the disclosure of which "might" be harmful, that information concerns *past* audits. Anderson has made no showing that it cannot devise effective strategies and approaches to Ragsdale's *future* audits, consistent with audit integrity. Moreover, a protective order limiting disclosure of this information will minimize any potential harm to Anderson. Anderson's general assertions concerning the "chilling effect" of disclosure and "unfairness" are otherwise unsupported. Finally there is no showing that the subpoena here is otherwise unreasonable, oppressive, annoying or embarrassing.

On balance, the potential harm to Anderson is outweighed by Master's need for this relevant information to prepare its defense to Ragsdale's counterclaim. Therefore, I conclude that Master's motions to continue deposition and to compel discovery should be granted, subject to the requirement that Master, through its agents, employees, attorneys, and any expert auditing witness, shall not disclose directly or indirectly, Anderson's work product to any auditing competitor.

■ There is no merit to Ragsdale's argument that the financial information concerning its tobacco and trucking business is irrelevant. The court has also examined this information *in camera*. Ragsdale's tobacco and trucking business is capable of separate auditing and accounting analysis. However, Ragsdale claims damages to the corporation as a whole and its charcoal, tobacco, and trucking operations are integrated with and related to its revenues and expenses as a whole. Accordingly, this information is relevant to the preparation of Master's defense to Ragsdale's counterclaim within the meaning of Fed.R.Civ.P. 26(b)(1) and is needed to provide a basis for Master's experts to form adequately an opinion as to any damages caused by the machine that is the subject of this action.

IT IS THEREFORE ORDERED that Master's motions to continue deposition and to compel discovery are GRANTED; provided that Master through its officers, agents, directors, employees, attorneys, and any expert witness shall not disclose the information redacted by Anderson now under court seal to any auditing competitor

of Anderson nor shall this information be disclosed in open court during trial, except upon further order.