**In re CIS CORPORATION, Continental Information Systems Corporation, et al., Debtors.**

**DELOITTE & TOUCHE, Plaintiff–Appellant,**

v.

**James P. HASSETT, Trustee of the Estate of CIS Corporation et al., Respondent–Appellee.**

**No. 90 Civ. 8051 (RPP).**

United States District Court, S.D. New York.

Jan. 22, 1991.

Shea & Gould, New York City by Richard Spinogatti, James J. Markowski, for plaintiff-appellant.

Wilmer, Cutler & Pickering, Washington, D.C. by Roger M. Witten, David M. Becker, Stuart Cane, for respondent-appellee.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Before the Court is an appeal brought by Deloitte & Touche ("D & T") of an order of the United States Bankruptcy Court for the Southern District of New York, Abram, J., filed November 21, 1990 directing D & T, an accounting firm, to produce certain of its proprietary internal auditing manuals to James P. Hassett, the Chapter 11 Trustee ("Trustee") in bankruptcy for CIS Corporation and related debtors (collectively "CIS"). D & T originally moved pursuant to Rule 8005 of the Bankruptcy Rules for a stay of the order pending appeal but the parties stipulated on January 4, 1991 that the motion papers be deemed be in support of an appeal on the merits.[1] For the reasons set forth below, the order of the Bankruptcy Court is vacated and the matter remanded to that court for reconsideration.[2]

## BACKGROUND

Touche Ross & Co. and its successor-in-interest, D & T, acted as independent auditors of CIS, one of the largest equipment lease brokers in the United States. On January 13, 1989 CIS filed a Chapter 11 petition in bankruptcy and, as debtor-in-possession, retained D & T under court order as accountants and management consultants for CIS. Markowski Aff., Exh. C.[3] On October 24, 1989 the Bankruptcy Court appointed James P. Hassett as Chapter 11 trustee and on February 7, 1990 authorized him to retain D & T as accountants for the bankruptcy estate. *Id.*, Exh. D.

In August 1990 as part of his general investigatory duties under 11 U.S.C. § 1106(a)(3), the Trustee served D & T with a subpoena *duces tecum* addressed to the Custodian of Records. *Id.*, Exh. E. Although D & T produced many of the requested documents, including audit work papers, tax returns and work papers, memoranda, correspondence and billing information, the Trustee thereafter moved the Bankruptcy Court to compel the production *inter alia* of D & T's internal auditing manuals.[4] At a hearing conducted October 19, 1990 the Bankruptcy Court ordered D & T to produce those portions of its internal auditing manuals "which relate to auditing companies of this type [i.e., the same type as CIS]." Markowski Aff., Exh. F. at 108. The order appealed from, filed on November 21, 1990, incorporates the terms of the Bankruptcy Court's oral ruling as follows:

> Touche is compelled to produce within twenty days from the date of entry of this Order those audit manuals or portions thereof in effect at Touche (as distinct from Deloitte) during CIS fiscal years 1986 through 1989 that relate to the type of work necessary to perform the CIS audit or to auditing of financial statements of companies of the same type as CIS.

Appellee's Mem. in Opp. dated Dec. 14, 1990, Exh. A. at 2–3.

---

1. At oral argument on January 10, 1991 the parties agreed that enforcement of the order be stayed pending this Court's decision on the instant appeal. Tr. at 36.

2. Bankruptcy Rule 8013 provides:
   > On an appeal the district court may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

   The reviewing court is not bound by the clearly erroneous standard when reviewing the bankruptcy court's application of legal standards and is free to reach its own conclusions of law. *See Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395, 396 (2d Cir.1987).

3. The retention order states that D & T is a "disinterested person" as that term is defined in § 101(13) of the Bankruptcy Code and that D & T "represents *no interest adverse to the Debtors,* their creditors, or their estates in the matters upon which Touche Ross [sic] is to be engaged." *Id.*

4. At oral argument, the parties stated that they have resolved or will resolve adequately the issues surrounding production of the audit programs and checklists for the CIS audits under the required confidentiality agreement. Tr. at 19. The internal auditing manuals which are the subject of the instant appeal include *inter alia* internal D & T manuals for sampling and confirmation methodologies.

## DISCUSSION

■ Rule 2004(b) of the Bankruptcy Rules provides in relevant part:

The examination of any person under this rule ... may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Discovery under Rule 2004 extends beyond the debtor to persons associated with him as well as to those persons who may have had business dealings with the debtor. *See In re Johns–Manville*, 42 B.R. 362, 364 (Bankr.S.D.N.Y.1984). The Trustee asserts that D & T's internal auditing manuals will shed light on how CIS became insolvent and will aid in evaluating potential claims against D & T. Inquiry by the Trustee as to claims the bankruptcy estate may have against the debtor's auditors is a matter "which may affect the administration of the debtor's estate" within the terms of Rule 2004.

D & T, however, urges that the November 21, 1990 order of the Bankruptcy Court should be vacated because the order exceeds the permissible scope of discovery under Rule 2004 by requiring D & T, a non-party witness, to produce proprietary documents which do not "relate only ... to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate ..." as provided in Rule 2004(b). D & T contends that its internal auditing manuals are irrelevant to the Trustee's investigation because they do not reveal how the audits of CIS were conducted nor do they establish the applicable standards for a proper audit. The work papers and checklists for the audit sufficiently reveal how the audit was conducted and the American Institute of Certified Public Accountants ("AICPA") has established generally accepted standards for conducting audits, and has published a codification of those standards which includes interpretations and elaborations of those standards. Grosman Aff. ¶ 3–4. The AICPA standards were approved and adopted by the membership and were recognized as establishing the rele-vant standard of care for an accounting firm conducting an internal accounting control audit in *Hochfelder v. Ernst & Ernst*, 503 F.2d 1100, 1108 (7th Cir.1974), *rev'd on other grounds*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976).

■ Discovery of an accounting firm's internal auditing documents is proper only where there is a pending claim against the accounting firm involving the propriety of the audit. *See Peat, Marwick, Mitchell & Co. v. Creditor's Comm. of Northeast Dairy Coop. Fed'n, Inc.*, 65 B.R. 886, 889 (N.D.N.Y.1986) (where there was no claim pending against auditor, court "accept[ed] [auditor's] claim that certain categories of its audit workpapers ... should be protected from discovery because they are proprietary and do not contain substantive information about [the debtor's] operations"). *See also Robin v. Doctors Officecenters Corp.*, Nos. 84–C–10798 and 85–C–08913, 1986 WL 14133 (N.D.Ill. Dec. 9, 1986) (auditing manuals not ordered produced where auditor was not a party in securities fraud action). *See also In re ContiCommodity Serv., Inc. Sec. Litig.*, MDL No. 644, 1988 WL 56172 (N.D.Ill. May 23, 1988) (internal manuals need not be produced since any higher standard outlined therein would be irrelevant to a negligence inquiry). The cases relied upon by the Trustee are inapposite because in each case there was a claim pending against the auditor and because none involve application of Bankruptcy Rule 2004(b). *See Fields v. Oliver's Stores, Inc.*, No. 87 Civ. 0894, 1991 WL 44845 (S.D.N.Y. Mar. 2, 1990) (defendant in securities fraud action ordered to produce audit manuals); *Rembold v. Pacific First Fed. Sav. Bank*, No. 85–224–FR, 1989 WL 122451 (D.Or. Sept. 22, 1989) (defendant in securities action ordered to produce internal policy manual); *In re Crazy Eddie Sec. Litigation*, No. 87 Civ. 0033, 1988 WL 127457 (E.D.N.Y. Nov. 16, 1988) (defendant/cross-claim defendant ordered to produce audit manuals "reviewed, applied to or consulted" in connection with audit); *In re Control Data Corp. Sec. Litig.*, [1987–1988 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 93,720 (D.Minn. Dec. 10, 1987) (de-

fendant in securities fraud action ordered to produce internal professional literature, guidelines and manuals); *Rosen v. Dick*, 20 Fed.R.Serv.2d (Callaghan) 471 (S.D.N.Y. Feb. 20, 1975) (defendant charged with negligence and deceit ordered to produce internal accounting literature).[5]

The issue being investigated by the Trustee is whether the CIS audit for fiscal year 1988 was conducted in accordance with accepted auditing standards in the industry, not whether D & T followed its own internal procedures. Before placing on D & T the burden of producing thousands of pages of internal documents which are proprietary and then engaging in oral discovery relating to those internal documents, a Rule 11 determination should be made that the Trustee has an adequate basis for filing a claim against D & T. *Cf. Matter of Autocue Sales & Distrib. Corp.*, 151 F.Supp. 798, 801 (S.D.N.Y.1957) (Weinfeld, J.) (examination of former president proper in bankruptcy proceeding where facts showed basis for charge by the trustee for diverting corporate opportunities). *See Matter of Wilcher*, 56 B.R. 428, 433–34 (Bankr.N.D.Ill.1985) (quashing subpoena duces tecum served on third party who had purchased property from Chapter 11 debtor because purchaser was not properly subject to a Rule 2004 examination absent evidence of duplicity); *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr.E. D.N.Y.1983) ("In conducting this balancing test [under Rule 2004], courts have indicated that the trustee's latitude should be greater where there has been a showing that the debtor has engaged in questionable conduct.") (citations omitted). To make a determination that a proper audit was not conducted, the Trustee should utilize the AICPA auditing standards. D & T's internal auditing manuals are irrelevant. Requiring that a claim exist against D & T before requiring production of internal auditing manuals not only protects D & T against unnecessary costs and legal expenses but also protects creditors from un-

necessary legal expenses thereby depleting the assets of the estate. The Trustee's argument that the internal auditing standards would educate trustee's counsel as to the rationale for D & T's auditing procedures strongly suggests that considerable unnecessary expenses would be involved in the requested discovery. With knowledge of the AICPA standards and access to D & T's audit programs and checklists for the CIS audits, *see* note 4, *supra*, the Trustee, with experienced counsel or with accounting assistance, should be able to make the required Rule 11 determination without the need for D & T's internal auditing manuals. Accordingly, the order of the Bankruptcy Court filed November 21, 1990 is vacated and the matter remanded to that court for reconsideration in light of this opinion.

IT IS SO ORDERED.

---

5. When a claim against the auditor exists, internal auditing manuals might be deemed admissible for purposes of showing scienter or proving punitive damages. In this action, there appears to be no need for production in connection with the Trustee's general investigation under 11 U.S.C. § 1106(a)(3).